IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LORENZO CHAVEZ,

    Plaintiff,

v.

    No. CIV-04-0260 BB/LFG

CURRY COUNTY DETENTION CENTER,
DON BURDINE,
GENEVA COOPER,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte*, under 28 U.S.C. § 1915A and Fed.R.Civ.P. 12(b)(6), to review Plaintiff's removed complaint. Plaintiff is incarcerated and appears pro se. For the reasons below, Plaintiff's complaint will be dismissed.

Under §1915A, the Court "shall . . . dismiss" a prisoner's complaint *sua sponte* if the "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and "the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendants transferred Plaintiff from the Curry County, New

Mexico, Detention Center to a Texas correctional facility. He claims the transfer violated his plea agreement and a state court order requiring that the Curry County Sheriff return Plaintiff to New Mexico. For relief, he seeks damages and an order requiring his return to the Curry County Detention Center.

No relief is available on Plaintiff's claim. "[S]tate and federal prisoners generally enjoy no constitutional right to placement in any particular penal institution." *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 468 n.3 (10th Cir. 1992). Absent some prohibited reason for the transfer, such as discrimination or retaliation for the exercise of a constitutional right, the transfer itself cannot be challenged. *See id.*; *Frazier v. Dubois*, 922 F.2d 560, 561-62 (10th Cir. 1990). Even if the transfer violated a state court order, as Plaintiff alleges, his complaint does not state a claim under 42 U.S.C. § 1983. *See Vasquez v. Johnson*, No. 01-2118, 2002 WL 1038752, at **2 (10th Cir. May 23, 2002) ("allegation that the defendants violated New Mexico law in confining him in the county jail is insufficient to allege a violation of federal law."). The complaint will be dismissed. *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1215 (10th Cir. 2003) (Hartz, J., concurring) ("dismissal with prejudice . . . might not preclude the plaintiff from proceeding in state court")

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED; and, pursuant to Fed.R.Civ.P. 58(a)(2)(A)(iii), judgment will be entered.

UNITED STATES DISTRICT JUDGE

2